HOBSON, Chief Judge.
Appellant Johnson, plaintiff below, filed suit seeking a declaratory judgment as to her rights to reappointment as a school teacher in the Collier County School System. Her amended complaint alleged in part the following:
“3. That the Plaintiff is a duly qualified teacher certificated by the State of Florida, and holds a currently valid certificate to teach elementary and secondary education in the State of Florida, said certificate being numbered 177670, duly issued by the State of Florida on October 3, 1966 and valid for a period of five (5) years from the date thereof;
“4. That the Plaintiff was duly employed by the Board of Public Instruction to teach in the Collier County School System, at the elementary level, on May 6, 1966, and did teach at Lake Park Elementary School in Naples, Florida, during the school years 1966-67, 1967-1968, and 1968-1969, and performed her duties in accordance with the standards set forth in the Florida Statutes.
“5. That contrary to the provisions of FS 230.33(7) (d), F.S.A., Superintendent John A. Murphy, of Board of Public Instruction, did not confer with the supervising principal of Plaintiff for her recommendation of Plaintiff’s reappointment as a member of the instructional staff of Lake Park School.
“6. That contrary to the provisions of FS 231.35(2), F.S.A., Superintendent John A. Murphy did not make a definite recommendation to the Board of Public Instruction, not to reappoint the Plaintiff for the school year 1969-1970.
“7. That having disregarded the statutes as hereinbefore set forth, Superintendent John A. Murphy, did, by letter dated March 31, 1969, advise the Plaintiff *446 that her services as a teacher would be terminated as of June 11, 1969.
“8. That Plaintiff’s immediate supervising principal, Estelle Little, of Lake Park School, evaluated the Plaintiff’s ability as a teacher ‘above average’, which evaluation Superintendent John A. Murphy ignored, contrary to the provisions of
FS 230.33(7) (d), F.S.A.
“9. That in addition to Plaintiff’s principal’s evaluation of Plaintiff’s ability as ‘above average’, Valera Barker and William Newsome, two highly qualified supervisors of the Collier County School System, evaluated Plaintiffs ability as ‘above average’, which evaluations were ignored by Superintendent John A. Murphy.
“10. That following receipt of letter from Superintendent Murphy notifying Plaintiff of termination, Plaintiff inquired of Superintendent Murphy the reason for her not being reappointed for the following year; that she had completed three (3) year probationary teaching and expected tenure for the school year 1969-1970.
“11. That Plaintiff has fulfilled all of the requirements for being awarded tenure, namely, educational qualifications, efficiency, capabilities, character and capacity to meet the educational requirements of the community, as set forth in FS 231.35 and 231.36(5), F.S.A.
“12. That Plaintiff requested an interview with Superintendent Murphy after receipt of the letter, dated March 31, 1969, advising her that her services would be terminated, and at this interview was advised by Superintendent Murphy that she was not an ‘outstanding’ teacher.
“13. That Superintendent Murphy had not published any standards for determining what would make an ‘outstanding’ teacher, nor have any such standards been promulgated by the Board of Public Instruction of Collier County, Florida, nor by the Legislature of the State of Florida.
“14. That numerous teachers presently employed by the Collier County School System are either ‘average’ or ‘above average’ teachers, and some teachers in this category were given tenure although their services were only ‘average’ or ‘above average’ while Plaintiff’s services were terminated.
“15. That the reason the Plaintiff was not reappointed was either due to arbitrary discrimination, capriciousness, unreasonable grounds, or a mere personal preference by the Superintendent contrary to the Constitution of the United States and the State of Florida.
“16. That Plaintiff has met all of the qualifications called for to be awarded tenure under FS 231.36(3), F.S.A., except, a favorable recommendation by the Superintendent and an appointment for a fourth year by the Board of Public Instruction, which were withheld for one of the above reasons, not withstanding Plaintiff’s exemplary qualifications.”
The appellee filed its motion to dismiss the amended complaint which was granted on the ground that appellant failed to allege any facts which evidenced a duty to continue the employment of the appellant. It is the order dismissing the amended complaint with prejudice which we have before us for review.
It is well settled that all facts properly pled must be taken as true when reviewing a complaint to determine whether or not it states a cause of action. While we agree that the School Board is vested with discretion as to whether or not it continues the employment of its personnel under the facts presented in this case we cannot agree that it can act in a discriminatory, capricious or unreasonable manner in denying such employment.
In a suit involving public school teachers it was held in Keyishian v. Board of Regents of the University of the State of New York, (2 Cir. 1961) 345 F.2d 236:
“ * * * However, the theory that public employment which may be denied *447 altogether may be subjected to any conditions, regardless of how unreasonable, has been uniformly rejected.”
This statement was specifically approved by the Supreme Court of the United States in Keyishian v. Board of Regents of the University of the State of New York, (1967) 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629.
Upon reading appellant’s amended complaint we hold that there are sufficient allegations of fact which if proved would show that she was denied reappointment for a reason or condition which was discriminatory, capricious or unreasonable.
For the reason stated above the order of the trial court dismissing the appellant’s amended complaint is reversed and the cause remanded for further proceedings.
LILES and PIERCE, JJ. concur.